UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MAIGA HRALIMA,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF NEVADA,<br><br>　　　　　　　　　Respondents. | Case No. 3:13-cv-00088-MMD-VPC<br><br>ORDER DISMISSING ACTION |

This action was commenced by Petitioner through his Motion for Relief from a Void Judgment Pursuant to Fed. R. Civ. P. 60(b)(4) and (6); Fed. R. Civ. P. 60(d)(3). (Dkt. no. 1.) Petitioner Hralima has paid $5 for the filing fee. (Dkt. no. 2.)

Petitioner asks this Court to "[in]validate a void judgment of the State of Nevada's second [sic] Judicial District Court. . . in Case Number CR02-1574, 'Judgment of Conviction' entered on the 16th of July 2003." (Dkt. no. 1 at 3.) Petitioner alleges that his constitutional rights were denied throughout his state court criminal proceedings and seeks to have this Court overturn his conviction.

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgmenti; (5) a satisfied judgment; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for abuse of discretion).

Rule 60(d)(3) allows for relief from a judgment if there is fraud on the court. Fraud on the court is narrowly defined by the Rule as "that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court . . . ." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1104 (9th Cir. 2006) (*quoting Alexander v.Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)). Such fraud must involve an "unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Abatti v. Comm'r*, 859 F.2d 115, 118 (9th Cir. 1988).

There are two significant problems with the motion and this action generally. First, the judgment that petitioner attempts to attack is a judgment of the state court in a criminal proceeding. This Court has jurisdiction to hear such an attack only through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not invoked 28 U.S.C. § 2254 in bringing this motion. The Federal Rules of Civil Procedure for the United States District Courts, which petitioner does invoke, provide a means to correct or overturn an order of the United States District Courts, not an order of state courts. This Court has entered no orders in this action that might be the subject of a motion for reconsideration or relief from judgment.

Second, Petitioner Hralima has attempted to attack the same state court conviction in this federal district court several times before, and has been unsuccessful in each attempt. *See e.g., Hralima v. Benedetti*, 3:09-cv-0722-RCJ-RAM (D. Nev. filed Dec. 9, 2009); *Hralima v. Bennedetti*, 3:08-cv-287-ECR-RAM (D. Nev. filed May 27, 2008); *Hralima v. Benedetti*, 3:08-cv-214-ECR-RAM (D. Nev. filed Apr. 22, 2008); *Hralima v. Helling*, No. 3:06-cv-0303-LRH-RAM (D. Nev. filed May 30, 2006);; and. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). Hralima has been advised of the required procedures, *Hralima v. Benedetti*, 3:09-cv-0722-RCJ-RAM (D. Nev. filed Dec. 9, 2009), and has failed to comply with them. As a result, Petitioner's repeated

2

attempts to challenge his criminal conviction through habeas corpus have been unsuccessful.

Hralima has also made several attempts to seek the federal district court's intervention in his state court proceedings. He has been advised of the impropriety of his requests. *See e.g., Hralima v. Douglas, et al.*, 3:11-cv-0572-RCJ-WGC (D. Nev. filed Aug. 5, 2011); *Hralima v. State of Nevada*, 3:07-cv-0506-ECR-VPC (D. Nev. filed Oct. 24, 2007). As with this action, those cases were dismissed at the outset for lack of jurisdiction.

IT IS THEREFORE ORDERED that this Motion for Reconsideration (dkt. no. 1) is DENIED and the action is DISMISSED WITH PREJUDICE. The Clerk shall enter judgment accordingly.

DATED THIS 17th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE